**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

        v.                             Criminal No. 21-274 (EGS)

JOHNNY HARRIS,

            Defendant.

## PRETRIAL ORDER

It is by the Court hereby

**ORDERED** that the parties shall file their pretrial motions and notices by no later than **July 22, 2022**; oppositions shall be filed by no later than **September 16, 2022**; and replies shall be filed by no later than **October 14, 2022**; and it is further

**ORDERED** that the Court will hold a motions hearing and pretrial conference on **November 16, 2022 at 11:00 a.m.** in Courtroom 24A; and it is further

**ORDERED** that the Court will hold a second pretrial conference on **December 8, 2022 at 1:30 p.m.** in Courtroom 24A; and it is further

**ORDERED** that jury selection shall commence on **December 12, 2022 at 9:00 a.m.** in Courtroom 24A and trial shall commence on **December 13, 2022 at 10:00 a.m.** in Courtroom 24A; and it is further

**ORDERED** that the parties are directed to review the jury voir

1

dire questions attached hereto as Attachment A and confer in good faith in an effort to submit a joint list of any **additional** voir dire questions that they wish to propose. Additional voir dire questions shall be filed via electronic case filing ("ECF"), with an additional copy submitted via email to **sullivan_chambers@dcd.uscourts.gov** in Word or Word Perfect format (not PDF), by no later than **November 9, 2022.** In the event that counsel are unable to agree on a joint list of additional voir dire questions, counsel shall file individual lists of additional voir dire questions via ECF, with an additional copy submitted via email in Word or Word Perfect format (not PDF), by no later than **November 9, 2022.** The parties shall also inform the Court if there are any of the listed standard voir dire questions in Attachment A that they do not wish the Court to use or that they wish to change in some way and propose alternatives, as appropriate; and it is further

ORDERED that the parties are directed to confer in good faith in an effort to file a joint, concise, neutral statement of the case to the Court via ECF, with an additional copy submitted via email in Word or Word Perfect format (not PDF), by no later than **November 9, 2022.** If counsel are unable to agree on a statement of the case, counsel shall file individual proposed statements of facts, including a preliminary jury instruction regarding the defendant's theory of the case, via ECF, with an additional copy submitted via email in Word or Word Perfect format (not PDF), by

no later than **November 9, 2022;** and it is further

ORDERED that the Court uses standard preliminary instructions that will be provided to the parties in advance of trial. For final jury instructions, the Court uses the latest edition (September 2018 – Release 16) of the Criminal Jury Instructions for the District of Columbia (the "Red Book"). A list of the Court's standard final jury instructions is attached to this Order as Attachment B. The parties are directed to confer in good faith in an effort to file a joint list of any **additional** proposed final jury instructions to the Court via ECF, with an additional copy submitted via email in Word or Word Perfect format (not PDF), by no later than **November 9, 2022.** If counsel are unable to agree on a joint list of proposed jury instructions, counsel shall file individual proposed jury instructions via ECF, with an additional copy submitted via email in Word or Word Perfect format (not PDF), by no later than **November 9, 2022**. The parties may list any additional standard Red Book instructions by the Red Book instruction number in their submission to the Court. The parties are directed, however, to include the full text of all substantive offense instructions and any additional proposed standard instructions not found in the Red Book. The parties shall also inform the Court if there are any of the listed standard instructions in Attachment B that they do not wish the Court to use or that they wish to change in some way and propose alternatives, as appropriate; and it is further

3

**ORDERED** that the parties shall file a list of proposed trial exhibits by no later than **November 9, 2022.** Each party's numbered list of trial exhibits, other than impeachment exhibits, shall set forth a description of each exhibit the party may offer in evidence (other than those created at trial), separately identifying those which the party expects to offer and those which the party may offer if the need arises, and should identify concisely the evidentiary basis for admissibility. The parties shall include a brief proffer of the specific evidentiary basis for any objections to an opposing party's exhibit. In noting the objections, if any, the following codes should be used:

A- Authenticity

I- Contains inadmissible matter

R- Relevancy

H- Hearsay

UP- Unduly prejudicial- probative value outweighed by undue prejudice.

Other abbreviations may be used provided counsel identifies such codes in the exhibit listing them. The parties shall submit their exhibit lists in the format provided in Attachment C to this Order; and it is further

**ORDERED** that the parties shall file a witness list identifying the names of the witnesses they will call, or may call, to testify at trial by no later than **November 9, 2022.** The parties shall designate each witness as one they "will call" or

4

"may call." The parties shall also include in their notices the constitutional issues, if any, implicated by the testimony of any particular witness. The parties are advised of their obligation to update the notices if a new potential witness is discovered after the date of the filing; and it is further

**ORDERED** that the Court will utilize the Jury Evidence Recording System (JERS) to provide the jury with electronic access to the evidence in this case during their deliberations. The parties are directed to contact Daniel Barrett at (202) 354-3217 for more information and training on the use of JERS; and it is further

**ORDERED** that to the extent the parties raise objections in the joint pretrial statement or to the proposed substantive offense jury instructions, the parties shall state the basis for each objection and include citations to the controlling principles and legal authorities.

Prior to the commencement of trial in this case, the Court shall issue a further Order containing information regarding COVID-19 protocols in the courtroom.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **June 30, 2022**

## <u>ATTACHMENT A – LIST OF STANDARD VOIR DIRE QUESTIONS</u>

1.   Have you heard about the alleged offenses that are charged
     in this case?

2.   Do you live or work near the immediate area where the
     offenses are alleged to have occurred or are you familiar
     with that area for some other reason?

3.   As I stated, I am Judge Emmet Sullivan. My courtroom clerk
     is Mr. Mark Coates. The Court Reporter is [court reporter's
     name]. My law clerk is [law clerk's name]. Do you know me
     or any member of my staff? Do you know any of the attorneys
     or the defendant in this case?

4.   The Assistant U.S. Attorney in this case is [AUSA's name].
     Do you know or recognize [AUSA's name]?

5.   The defendant in this case is [defendant's name]. He is
     being represented by attorney [defense counsel's name]. Do
     you know or recognize [defendant's name] or [defense
     counsel's name]?

6.   [The government will then introduce its witnesses followed
     by the defendant introducing his witnesses. Law enforcement
     witnesses will be identified by their name, rank, and duty
     assignment. Lay witnesses will be identified by their name,
     address, and place of employment. Expert witnesses will be
     identified by their name, title, and place of employment.]
     Do you know any of the witnesses that have just been
     introduced to you?

The next several questions apply to each of you, members of your
immediate family, and close friends.

7.   Is anyone in that group either presently or previously
     employed by any law enforcement agency, or currently have
     pending at such an agency an application for employment?
     Law enforcement agencies include any police department, in
     or outside the District of Columbia, special police
     officers, prosecutors' offices, Park Police, FBI, Department
     of Justice, Sheriffs' Departments, Secret Service,
     Department of Corrections, or any other law enforcement
     agency.

8.   Is any member of that group either presently or previously
     employed by a public defender office or by a criminal

defense attorney or group of criminal defense attorneys or investigators, or currently have pending an application for employment with such a person or organization?

9.   Is any member of that group a lawyer or has any member of that group studied law in a law school or worked for or with a lawyer?

10.  Has any member of that group been the victim of, witness to, or accused of, whether convicted or not, a criminal offense?

11.  Have you or a member of your immediate family – either personally or in connection with a business – been involved in any legal action or dispute with the United States, or any officers, employees, or agents of the United States?

12.  (If law enforcement officer testimony expected.) I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because the witness is a law enforcement officer. Do you have such strong feelings about law enforcement, either positive or negative, that you would have difficulty following that instruction?

13.  This is a case about_ . Would the nature of the charges themselves make it difficult for you to render a fair and impartial judgment in this case?

14.  (If a drug crime.) Are you now or have you in the past been a member of any group which advocates either for or against the legalization of drugs?

15.  Have you formed special opinions concerning defense attorneys, prosecutors, or accused persons that would affect you in deciding this case?

16.  Do you feel that the defendant has to testify or present evidence before you could find him not guilty?

17.  If selected as a juror, would you have difficulty accepting and applying the rule of law that the defendant is presumed

innocent unless the government proves guilt beyond a
reasonable doubt?

18.   There has been an indictment in this case.  An indictment
      is not evidence of a crime. It merely initiates a case and
      is a formal way of presenting the charges. The indictment
      here informs [defendant], the Court, and the members of the
      jury of the charge against him.  Would the fact that an
      indictment charged [defendant] with a crime lead you to
      believe that he is guilty or make it difficult for you to
      apply the presumption of innocence?

19.   The law requires that jurors weigh the evidence in a case
      and reach a verdict based solely upon the admitted evidence
      and instructions of law, without regard whatsoever for what
      the potential punishment might or might not be. Would you
      have any difficulty at all following this principle?

20.   Do you have such strong moral or religious convictions that
      it would prevent you from passing judgment on another
      person?

21.   Do you know any of the other members of the jury panel from
      before today?

22.   Are you suffering from any sight, hearing, or health
      problems that would make it difficult for you to give your
      full time and attention to this trial, and render a fair and
      impartial verdict?

23.   Have you ever served as a grand juror or juror in the trial
      of a criminal case in federal court, a District of Columbia
      Court, or in a court located in another state?

24.   I expect this case to take approximately [number of days]
      to try. Do you have any pressing commitment that would
      make sitting on this jury an extreme hardship?

25.   Is there any reason you can think of, whether or not it has
      been covered by a previous question, why you could not sit
      fairly, attentively, or impartially as a juror in this case?

## **ATTACHMENT B – LIST OF STANDARD FINAL JURY INSTRUCTIONS**

These instructions are taken from the current edition (September 2018 - Release 16) of the Criminal Jury Instructions for the District of Columbia (the "Red Book").

General Instructions

| | |
|---|---|
| 2.101 | Function of the Court |
| 2.102 | Function of the Jury |
| 2.103 | Jury's Recollection Controls |
| 1.105(B) | Final Instruction When Notetaking is Permitted |
| 2.107 | Burden of Proof - Presumption of Innocence |
| 2.108 | Reasonable Doubt |
| 2.110 | Nature of Charges Not to Be Considered |
| 2.104 | Evidence in Case [testimony, exhibits, stipulations] |
| 1.104 | Question Not Evidence |
| 2.105 | Statements of Counsel |
| 2.106 | Indictment or Information Not Evidence |
| 2.112 | Inadmissible and Stricken Evidence |

Evaluation of Testimony and Other Evidence

| | |
|---|---|
| 2.109 | Direct and Circumstantial Evidence |
| 2.200 | Credibility of Witnesses |
| 2.207 | Police Officer's Testimony (if applicable) |
| 2.208 | Right of Defendant Not to Testify (if applicable) |
| 2.209 | Defendant as Witness (if applicable) |

Definitions, Proof, Offenses, Defenses

| | |
|---|---|
| 3.103 | "On or About" - Proof Of |
| 3.101 | Proof of State of Mind |

Substantive Offense Instructions
[To be submitted by the parties.]

Closing Remarks

| | |
|---|---|
| 2.505 | Possible Punishment Not Relevant |
| 2.502 | Selection of Foreperson |
| 2.405 | Unanimity of Verdict |
| 2.509 | Communications Between Court and Jury During Jury's Deliberations |
| 2.501 | Exhibits During Deliberations |
| 2.100 | Furnishing the Jury with a Copy of the Instructions |

## ATTACHMENT C – SAMPLE EXHIBIT LIST
### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**[DEFENDANT]** |

**Case No. XX-cr-XXXX (EGS)**

### [PARTY'S] EXHIBIT LIST

| U.S. No. | Def. No. | Description/Basis for Admissibility | Doc Date | Objections | Use (Will or May) | Marked | Admitted | Witness |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Objections: (A)- Authenticity,  (I)- Contains inadmissible matter, (R)- Relevancy, (H)- Hearsay, (UP)- Unduly prejudicial- probative value outweighed by undue prejudice

| U.S. No. | Def. No. | Description/Basis for Admissibility | Doc Date | Objections | Use (Will or May) | Marked | Admitted | Witness |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Objections: (A)- Authenticity,  (I)- Contains inadmissible matter, (R)- Relevancy, (H)- Hearsay, (UP)- Unduly prejudicial- probative value outweighed by undue prejudice